# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD HAILASSIE, | 1:07-cv-01834 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| D. SMITH, et.al., | [Doc. 1] |
| Respondent. | |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    Petitioner filed the instant petition for writ of habeas corpus on December 17, 2007. Petitioner states that on July 22, 2003, the United States Attorney for the Eastern District of California filed an information charging Petitioner with a violation of 18 U.S.C. § 371(b) and 18 U.S.C. § 1028(a)(7). See 2:03-cr-s-00336 GEB. Pursuant to a plea agreement, on March 4, 2005, Petitioner was sentenced to forty-five months imprisonment with a special assessment fee of $200, and restitution in the amount of $75,683.67.

    In the instant petition, Petitioner contends that the sentencing court failed to set a mandatory restitution schedule and erred by delegating such authority to the Bureau of Prisons to make such schedule. (Petition, at 4.) Petitioner requests that "this court issue an order to 'STAY' collection on all restitution payments, until the sentencing court and after the Petitioner's release, can make a determination on any scheduling of payments. . . ." (Petition, at

1

5.)

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, as Petitioner contends the District Court erred in failing to set forth a restitution order, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or

1  ineffective); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the
2  AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or
3  ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
4  insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)
5  (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment
6  do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957);
7  Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237
8  F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by
9  invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the
10 remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

11      In his petition, Petitioner states that he is time-barred from receiving any relief from the
12 sentencing court, and pursuant to his plea agreement he waived his right to attack his conviction
13 and sentence.  (Petition, at 4.)

14      The mere fact that Petitioner is time-barred from raising his claim via § 2255 does not
15 render this avenue as inadequate or ineffective.  Moore v. Reno, 185 F.3d at 1055.  Although it
16 appears that Petitioner has previously filed a § 2255 motion, Petitioner has not stated whether he
17 has sought permission to file a successive § 2255 motion.  It is possible that the motion would be
18 granted in which case Petitioner would have another opportunity to present his claim in the
19 proper forum.  Thus, Petitioner has not shown that he did not have an "unobstructed procedural
20 shot" at presenting his challenges to the sentencing court.  Accordingly, the petition should be
21 dismissed.

22                                   RECOMMENDATION

23      Based on the foregoing, it is HEREBY RECOMMENDED that:

24      1.   The instant petition for writ of habeas corpus be DISMISSED; and,

25      2.   The Clerk of Court be directed to enter judgment, terminating this action.

26      This Findings and Recommendation is submitted to the assigned United States District
27 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
28 the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 10, 2008**            /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE